McKinney, J.,
delivered the opinion of the court.
The plaintiffs in error were endorsers of a promissory note for $500, made by one Andrew Martin, and negotiated to the defendant — were sued in the circuit court of Sumner, in debt, jointly with the maker.
The summons was issued on the 30th of May, 1842, returnable to the June term, 1842, and was served on all the parties. At the appearance term, a declaration was filed, and the defendants appeared and filed two pleas to the action, payment of, and set-off, upon which issues were joined.
This being done, the cause was suffered to slumber for a period of more than seven years, during which no step was taken by either party to bring the case to trial. The clerk omitted to transfer the suit from the appearance to the trial docket; and it seems to have been lost sight of — the attorney of the Bank, as well as the plaintiffs in error, being under the *267 mistaken impression that the debt sued for had been adjusted between the maker of the note and the Bank.
On the 24th of September, 1849, the attorney of the Bank filed an affidavit with the clerk of the court in vacation, setting forth, that the declaration and note were lost or mislaid; and thereupon, caused written notice to be served on Pierce & Pittman, to appear at the October term, 1849, and defend said suit. They accordingly appeared, and in the form of a plea puis darrein continuance, alleged, that the suit was discontinued. To this plea, the plaintiffs replied, and the pleadings were extended to a surrejoinder, to which the defendants demurred, and the demurrer was overruled. Upon the demurrer being overruled, the defendants, on motion, insisted on a discontinuance, but the motion was refused by the court. At the October term, 1850, a paper, stated in an affidavit made by the attorney of the Bank, to be, in substance, a copy of the original declaration and pleadings filed in the cause, appears to have been placed on file in the cause, but without authority, so far as appears from any thing in the record before us.
And at the February term, 1851, upon the pleadings thus substituted, the cause was submitted to a jury, sworn to try the issues joined between the parties, who found for the plaintiff.
Upon these facts, the first question is, was the suit discontinued? We think not. Here was a suit regularly instituted and depending in the court. The parties have appeared in court, made up the pleadings, and prepared the case for trial. How, then, has the suit lost its status in the court? Certainly not by any act, or omission, on the part of the plaintiff, adequate to produce such an effect. The mere delay of the plaintiff to bring the case to trial, for any number of terms after issue joined, is no cause of discontinuance. It seems, neither party moved in the matter from the .Tune term, 1842, till the October term, 1849. The fault of the delay is equally *268 imputable to both. The defendants might have hastened the plaintiff, and forced either a trial or nonsuit; and it was their duty to have done so; but having acquiesced in the delay, they cannot now complain of it, much less set it up as a ground of discontinuance.
The case was continued from term to term of the court, by the general intendment of law, that all causes in the court, not otherwise disposed of during the term, are continued over; an express order to that effect, though not unusual, is not absolutely necessary to prevent a discontinuance. Nor does the failure of the clerk to bring the case forward on the trial docket, from term to term, affect the question; the suit is still in legal contemplation, depending in the court, whether or not the clerk has given it its place upon the proper docket.
2d. It is said, there was no issue remaining for the jury to try; the plea puis darnen continuance, being a waiver of the previous pleas. This is, in general true, wherever such plea is properly pleaded. But in the present case, the plea puis darrien continuance, must be treated as a nullity. It was an attempt to raise the question of discontinuance in a mode not applicable to sueh a case, and upon a state of facts, furnishing no matter for such plea.
The proceedings subsequently had in the cause, are irregular and erroneous. The act of 1819, chap. 27, has no application to this case, as seems to have been supposed.
The case stands upon the general principle of the common law, applicable to lost records, or other papers. The fact of the loss of the declaration and note, being established to the satisfaction of the court, it was competent to the court to admit secondary evidence of their contents, and to direct that the loss be supplied by substituting other pleadings conformable to the original. But all this should appear of record. The affidavits in this record, are not competent evidence of the loss of the papers; but even if they were, they are insufficient, in the ab *269 sence of the evidence of the clerk of the court, who, by law is entrusted with the keeping of the records and papers of the court.
There is no authority shown in this record for substituting a new declaration and pleas; and upon this ground the judgment must be reversed, and the cause remanded, with liberty to the defendant in error to proceed in the proper mode to supply the loss of the papers.
Judgment reversed.